CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 01 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE A. NOEL,<br>　　Plaintiff, | ) Civil Action No. 7:14-cv-00200<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| LT. COL. KUMER, et al.,<br>　　Defendants. | ) By:　Hon. Glen E. Conrad<br>)　　　Chief United States District Judge |

Ronnie A. Noel, a Virginia pre-trial detainee, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Lt. Col. Kumer, the Interim Superintendent of the Albemarle-Charlottesville Regional Jail ("Jail"); Rosetta Bowles, the Jail's Food Service Supervisor; the Medical Director of the Jail; Paytel Phone System; Denise Y. Lunford, the Commonwealth's Attorney for Albemarle County; James Hingley, the Supervisor of the Albemarle County Public Defender's Office; William Kavanah, the police officer who arrested Plaintiff; and the Virginia Office of Protection and Advocacy ("VOPA"). In the Complaint, Plaintiff describes his dissatisfaction with the conditions of confinement at the Jail, the denial of bail by state courts in anticipation of his trial in the Circuit Court of Albemarle County, the decisions made by his former criminal defense counsel and that counsel's supervisor, the conduct of the arresting officer and the prosecuting attorney, and VOPA's alleged failure to respond to Plaintiff's letters. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Rule 21 of the Federal Rules of Civil Procedure allows the court to add or drop a party on just terms at any time.

The court finds that claims against Denise Y. Lunford, the Commonwealth's Attorney for Albemarle County, and William Kavanah, the police officer who arrested Plaintiff, are misjoined. Accordingly, the claims against these two defendants are dismissed without prejudice and these two defendants are terminated as defendants, pursuant to Rule 21.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to establish that James Hingley, the Supervisor of the Albemarle County Public Defender's Office, deprived Plaintiff of a federal right while acting under color of state law when advising Plaintiff's court-appointed public defender about representing Plaintiff in state criminal proceedings. See, e.g., Deas v. Potts, 547 F.2d 800 (4th Cir. 1976); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981). Similarly, Plaintiff fails to establish how VOPA's alleged failure to respond to his letters or Paytel Phone System's pricing of phone calls from the Jail constitutes a deprivation of a federal right. Accordingly, the claims against James Hingley, Paytel Phone System, and VOPA are dismissed without prejudice, and these defendants are terminated as defendants to this action, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's claims against Lt. Col. Kumer, Rosetta Bowles, and the Jail's Medical Director remain pending with the court.

**ENTER**: This 30th day of June, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

2