CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUL 16 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE A. NOEL, | ) CIVIL ACTION NO. 7:14CV00200 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| LT. COL. KUMER, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Ronnie A. Noel, a pre-trial detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various staff and entities associated with the Albemarle-Charlottesville Regional Jail ("Jail"). Presently before the court are plaintiff's motion for discovery and motion to compel. Plaintiff's motion for discovery asks the court to make unspecified defendants give plaintiff a copy of the inventory log describing plaintiff's possessions confiscated during booking and the Jail's video recording of plaintiff being booked into the Jail. Plaintiff's motion to compel asks the court to make unidentified Jail staff return plaintiff's unidentified "legal documents" to him after he gave them to staff several days ago for photocopying.

No defendant has yet responded to the complaint, and plaintiff has not certified that he attempted to confer with defendants in good faith about discovery. Accordingly, plaintiff's motions about discovery are **DENIED** without prejudice as premature. To the extent plaintiff's motion to compel can be construed as a motion for a preliminary injunction, the request is also **DENIED** because plaintiff fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, he is likely to succeed on the merits of the underlying action, the balance of equities tips in his favor, or that an injunction is in the public interest. See, e.g.,

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a correctional facility is a course the judiciary generally disapproves of taking. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials").

The Clerk shall send a copy of this memorandum opinion and accompanying order to all parties.

ENTER: This 16th day of July, 2014.

/s/ Glen Conrad
Chief United States District Judge