CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE A. NOEL,<br>    Plaintiff, | )<br>)<br>) CASE No. 7:14CV00200 |
| v. | ) MEMORANDUM OPINION<br>) |
| LT. COL. KUMER, et al.,<br>    Defendants. | ) By: Glen E. Conrad<br>) Chief United States District Judge |

    Ronnie A. Noel, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Upon screening the complaint pursuant to 28 U.S.C. § 1915A, the court dismissed claims against numerous defendants without prejudice and directed the Clerk to accomplish service on defendants Lt. Col. Kumer, the Interim Superintendent of the Albemarle-Charlottesville Regional Jail ("Jail"); Rosetta Bowles, the Jail's Food Service Supervisor; the Medical Director of the Jail. Lt. Col. Kumer and Bowles have filed a motion to dismiss, to which Noel responded.[1] After reviewing the record, the court grants Lt. Col. Kumer and Bowles' motion to dismiss and dismisses the claims against the Medical Director without prejudice.

I

    Noel alleges, in pertinent part, that Lt. Col. Kumer and Bowles deny "equal protection and due course of law" due to unconstitutional living conditions at the Jail. Lt. Col. Kumer allegedly failed to supervise and correct the following "illegal acts and functions within his control[] and brought to his attention through complaints and initial grievance procedure."

---

[1] Lt. Col. Kumer and Bowles filed a motion for an extension of time to respond to the complaint, and Noel filed a motion for a preliminary injunction. The court grants Lt. Col. Kumer and Bowles' motion to the extent their motion to dismiss is considered timely filed, and the court denies the motion for a preliminary injunction. As discussed in this opinion, Noel fails to state a claim upon which relief may be granted. Noel also fails to show irreparable harm because he does not describe how Jail staff' alleged mishandling of his legal mail impacts this action. Because Noel also fails to establish that the balance of equities tips in his favor or that the preliminary injunction is in the public's interest, his motion for a preliminary injunction is denied. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008) (discussing the elements for a preliminary injunction).

Although the Medical Director has records of Noel's illnesses, Plaintiff is dissatisfied with the treatment of his hypertension, diabetes, gastro-esophageal reflux, Myelopathy, vertebrae deterioration, and Syringomyelia, which means a longitudinal cavity is growing within his spinal cord that causes "pain, spasms, and paralysis." Noel believes diabetic blood-glucose tests should be administered more than once per week, and he complains that he does not receive his diabetes medicine at the appropriate times.

Noel argues that his illnesses are exacerbated by overcrowded conditions where seventy noisy inmates are housed in an area designed for forty inmates. Noel further complains that lights are lit for all but a few hours each day before breakfast; the Jail is not designed for any inmate who uses a wheelchair; officers interrupt sleep by banging on cell doors every thirty minutes; and the white, powdery substance that accumulates on surfaces causes sinus problems. Also, Noel believes the food for diabetics is horrible, cold, and full of micro-organisms that make him sick or gassy. Noel chose to stop eating the diabetic diet, which he did not believe was suitable for diabetics, and was disappointed when he learned the non-diabetic diet has the same "horrible" food in smaller quantities. Lastly, Noel believes the Jail charges too much money to make phone calls.

## II

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint after accepting all facts alleged in the complaint as true and drawing all reasonable inferences in a plaintiff's favor. To survive a motion to dismiss, a complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient

"[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). However, a plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Noel fails to state a claim actionable under § 1983 against Lt. Col. Kumer, Bowles, or the Medical Director. Noel does not allege any personal involvement, either by act or omission, by these defendants, and supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Consequently, Noel fails to describe these defendants' deliberate indifference to a serious medical need or to cruel and unusual living conditions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 837 (1994). Furthermore, Noel acknowledges he receives medical treatment for his illnesses, and his disagreement with how medical personnel treat him does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Moreover,

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

Noel does not describe any serious injury resulting from the conditions of confinement. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Lastly, Noel's reliance on labels and conclusions to allege constitutional violations are insufficient to state such claims.

### III

For the foregoing reasons, the court grants Lt. Col. Kumer and Bowles' motion for an extension of time and motion to dismiss, and the court dismisses claims against the Medical Director without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 4th day of October, 2014.

_____
Chief United States District Judge

4